

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON BILLIOT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-9278** |
| **N. BURL CAIN, WARDEN** | **SECTION "B"(5)** |

## TRANSFER ORDER

Petitioner, MILTON BILLIOT, JR., has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1989 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) Petitioner's newly discovered evidence (*i.e.*, transcript and doctors' reports from a competency hearing) casts doubt on his sanity, and thus validity, of his guilty plea to second degree murder.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Milton Billiot v. N. Burl Cain, Warden</u>, Civil Action 02-731 "B"(5). In that petition, petitioner raised the following grounds for relief:

1) He was denied effective assistance of counsel;

2) The grand jury indictment was invalid due to racial discrimination in the selection of the grand jury foreperson;

3) Neither the time limitation nor the procedural default rule apply where

>petitioner was prevented from asserting his rights due to his incompetence and history of mental health problems.

That petition was dismissed with prejudice as untimely by Judgment entered June 27, 2002. Petitioner appealed the judgment. The United States Fifth Circuit Court of Appeals dismissed his appeal for want of prosecution. <u>Milton Billiot v. Burl Cain</u>, 02-30733 (5th Cir. 2002).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that MILTON BILLIOT, JR.'s petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this __29th__ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE